**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS

Case number *(if known)* _____   Chapter    **11**

☐ Check if this an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Christian Healthcare Foundation, NFP** | |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **20-0722359** | |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **18601 N. Creek Drive**<br>**Tinley Park, IL 60477**<br>Number, Street, City, State & ZIP Code | <br><br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Cook**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor   **Christian Healthcare Foundation, NFP**

Name

Case number (*if known*) _____

---

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

■ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

8399

---

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ A plan is being filed with this petition.

■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No.

■ Yes.

| | District | | When | | Case number |
|---|---|---|---|---|---|
| | **N.D. IL** | | **1/17/16** | | **16-01337** |
| | District _____ | | When _____ | | Case number _____ |

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

| | Debtor | | Relationship | |
|---|---|---|---|---|
| | **Timothy Place, NFP** | | Relationship | **Affiliate** |
| | District **N.D. IL** | When _____ | Case number, if known _____ | |

---

Debtor   **Christian Healthcare Foundation, NFP**
_____   Case number (*if known*) _____
Name

| Debtor | **Christian Healthcare Foundation, NFP** | Case number (*if known*) |
|---|---|---|
| | Name | |

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency  _____

            Contact name  _____

            Phone  _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | __Christian Healthcare Foundation, NFP__ | | Case number *(if known)* |
| --- | --- | --- | --- |
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __December 15, 2020__
MM / DD / YYYY

X _Barry VanderGenugten_ (signature)
Signature of authorized representative of debtor

**Barry VanderGenugten**
Printed name

Title    __Chief Financial Officer__

**18. Signature of attorney**

X _Bruce C. Dopke_ (signature)
Signature of attorney for debtor

Date **December 15, 2020**
MM / DD / YYYY

__Bruce C. Dopke 3127052 Member__
Printed name

__Dopkelaw LLC__
Firm name

__1535 W. Schaumburg Road__
__Suite 204__
__Schaumburg, IL 60194__
Number, Street, City, State & ZIP Code

Contact phone    **847-524-4811**        Email address    **bd@dopkelaw.com**

__3127052 IL__
Bar number and State

# RESOLUTION

## Christian Healthcare Foundation, NFP

*Whereas*, Rest Haven Illiana Christian Convalescent Home, d/b/a Providence Life Services (the "**Corporation**"), Timothy Place, NFP d/b/a Park Place Christian Community of Elmhurst (the "**Park Place**") and Christian Healthcare Foundation, NFP d/b/a Providence Healthcare Foundation (the "**Foundation**") (and Park Place and the Foundation, collectively, the "**Debtors**") are currently in discussions with the Debtors' largest creditors concerning a restructuring of the Debtors' indebtedness to their respective creditors; and

*Whereas*, the Debtors entered into a "Forbearance Agreement" dated as of May 14, 2020 (the "**Forbearance Agreement**") with UMB Bank, N.A. in its capacity as Bond Trustee under the Bond Indenture dated as of April 1, 2016 (the "Bond Trustee") and as Master Trustee under the Master Trust Indenture dated as of April 1, 2016 (the "Master Trustee" and with the Bond Trustee, collectively and singly, the "Trustee"); and

*Whereas*, pursuant to the Forbearance Agreement, the Trustee has refrained from taking actions which it could otherwise initiate, including, among other things, declaring the Debtors to be in default of certain of their obligations under its agreements with the Trustee, and initiating legal action to remedy those defaults; and

*Whereas*, in connection with their entry into the Forbearance Agreement, the Debtors have also entered into that certain "Plan Support Agreement" dated as of May 14, 2020 (the "**Plan Support Agreement**") with two of the Debtors' largest creditors, namely, ███████████ ███████████ (the "**Consenting Creditors**") which describes, in detail, the terms under which the Debtors may file voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "**Cases**") in the Northern District of Illinois, Eastern Division (the "**Court**"), and, among other things, file and prosecute to confirmation a joint Plan of Reorganization (the "**Plan**") in the Cases under which the Debtors' indebtedness to the Trustee, the Consenting Creditors and other holders of those certain bonds issued on April 1, 2016 by the Illinois Finance Authority which consist of $103,691,500 of Revenue Bonds, Series 2016A (Park Place of Elmhurst Project ("2016A Bonds"), $20,514,750 of Revenue Bonds, Series 2016B (Park Place of Elmhurst Project ("2016B Bonds") and $21,918,750 of Excess Cash Revenue Bonds, Series 2016C (Park Place of Elmhurst Project) ("2016C Bonds" and collectively with the 2016A and 2016B Bonds, the "2016 Bonds") shall be restructured; and

*Whereas*, the board of The Foundation has met at a meeting duly noticed under the Foundation's by-laws, and discussed the courses of action available to the Foundation in the event that the actions outlined in the Forbearance Agreement and the Plan Support Agreement are not completed, and has determined, following due deliberation, to authorize the actions described in this Resolution; and

–1–

*Whereas*, given the public declaration of the Covid-19 pandemic, State officials have issued executive orders which, among other things, apply restrictions to in-person meetings of all kinds.

*Now therefore*, it is Resolved that the Foundation is authorized to take all steps reasonable and necessary in its discretion to prepare for and, if the Corporation deems it necessary, file the Cases in the Court seeking and implementing the relief described in the Forbearance Agreement and the Plan Support Agreement.

*It is further resolved*, without limiting any of the discretion conferred on The Foundation by the foregoing resolution, that The Foundation, in its individual capacity, is authorized to take all steps reasonable and necessary in aid of and in pursuit of the confirmation and implementation of the Plan which are described in the Forbearance Agreement and the Plan Support Agreement and the exhibits and schedules thereto, including without limitation the "Restructuring Term Sheet" which is attached to the Forbearance Agreement as Exhibit 1 and which, among other things, contemplates that the Corporation will make financial accommodations to the Debtors which include (without limitation) the use of $3,000,000.00 of Corporate funds to provide liquidity support to the restructured Debtors, plus an additional $657,563.00 of Corporate funds to pay for principal of the Series 2016C bonds plus 3% of the interest which has accrued on those bonds through the effective date of the Plan; plus the use of up to an additional $1 Million of Corporate funds to pay the cost of issue and exchange of municipal bonds to be exchanged for some of the existing bonds which are now outstanding, among other things.

*It is further resolved*, without limiting any of the discretion conferred on the Foundation by the foregoing resolution, that the Foundation is authorized to retain Bruce C. Dopke and the firm of Stahl Cowen Crowley Addis LLC as its general bankruptcy counsel, on terms (including provisions for a retainer) as may be agreed to by Mr. Dopke, the Foundation and the Corporation, and with instructions to prepare the Foundation for the commencement of the Cases in the Court, the prosecution of the Plan to confirmation by the Court, and all of the additional steps (including those which are described in the Plan Support Agreement and the exhibits thereto) to be taken by the Foundation to prosecute the Cases and complete the actions described in the Forbearance Agreement, the Plan Support Agreement and the foregoing resolutions of the Board.

*It is further resolved* that due to the extraordinary circumstances presented by the Covid-19 pandemic and the actions and guidelines issued by the executive branch of the government of the State of Illinois, the provisions of the Foundation bylaws in Article V Section F and in keeping with the Foundation's highest concern for the health and well-being of all persons who serve the Foundation in any capacity including Board membership, any requirement of notice of the meeting of the Board to consider this and all of the other Resolutions noted above is waived.

**Certification**

On motion of the board, the foregoing resolutions were adopted this 15th day of July, 2020.

On roll call, the members voted as follow:

AYE:  Tim Breems, Al Diepstra, Ken Hoving, Arnold Koldenhoven, Cal Tameling, Don Van Dyk and Rich Van Hattem

NAY:

ABSENT:

APPROVED:

_____
Rich Van Hattem, President

ATTEST:

_____
Don Van Dyk, Secretary

–3–

**Fill in this information to identify the case:**

Debtor name    **Christian Healthcare Foundation, NFP**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)

☐ Check if this is an
   amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

■   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
■   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
■   *Schedule H: Codebtors* (Official Form 206H)
■   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule*
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **December 15, 2020**       x *Bary VanderGenugten*
                                            Signature of individual signing on behalf of debtor

                                            **Barry VanderGenugten**
                                            Printed name

                                            **Chief Financial Officer**
                                            Position or relationship to debtor

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | **Christian Healthcare Foundation, NFP** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF ILLINOIS** |
| Case number (if known): | _____ |

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **UMB Bank, N.A. Attn.:  Virginia A. Housum, SVP 120 South 6th Street, Ste. 1400 Minneapolis, MN 55403** | | **co-signer of mortgage note** | | | | **$141,106,642.00** |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name   **Christian Healthcare Foundation, NFP**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS

Case number (if known)   _____

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals                    12/15

| Part 1: | Summary of Assets |
| --- | --- |

1.   ***Schedule A/B: Assets-Real and Personal Property*** (Official Form 206A/B)

   **1a. Real property:**
   Copy line 88 from *Schedule A/B*..................................................................................   $      0.00

   **1b. Total personal property:**
   Copy line 91A from *Schedule A/B*................................................................................   $      16,569.30

   **1c. Total of all property:**
   Copy line 92 from *Schedule A/B*..................................................................................   $      16,569.30

| Part 2: | Summary of Liabilities |
| --- | --- |

2.   ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
   Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*....................   $      0.00

3.   ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

   **3a. Total claim amounts of priority unsecured claims:**
   Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................   $      0.00

   **3b. Total amount of claims of nonpriority amount of unsecured claims:**
   Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*...............................   +$      141,106,642.00

4.   **Total liabilities** ........................................................................................
   Lines 2 + 3a + 3b        $      141,106,642.00

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Fill in this information to identify the case: |
|---|
| Debtor name    **Christian Healthcare Foundation, NFP** |
| United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known)    _____ |

☐ Check if this is an
amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                     12/15

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on _Schedule G: Executory Contracts and Unexpired Leases_ (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|
| 2. **Cash on hand** | **$22.00** |

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| **Fifth Third Bank**<br>**P.O. Box 630900**<br>3.1. **Cincinnati, OH  45263-0900** | **Checking** | **2215** | **$16,547.30** |

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.     **$16,569.30**

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes Fill in the information below.

| Part 4: | Investments |
|---|---|

**13. Does the debtor own any investments?**

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor | **Christian Healthcare Foundation, NFP** | Case number *(If known)* |
|--------|-------------------------------------------|---------------------------|
|        | Name                                      |                           |

■ No.  Go to Part 5.
☐ Yes Fill in the information below.

**Part 5:**    **Inventory, excluding agriculture assets**

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No.  Go to Part 6.
☐ Yes Fill in the information below.

**Part 6:**    **Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No.  Go to Part 7.
☐ Yes Fill in the information below.

**Part 7:**    **Office furniture, fixtures, and equipment; and collectibles**

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

**Part 8:**    **Machinery, equipment, and vehicles**

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

**Part 9:**    **Real property**

54. **Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

**Part 10:**    **Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

**Part 11:**    **All other assets**

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
■ Yes Fill in the information below.

|  | **Current value of debtor's interest** |
|--|----------------------------------------|

71.  **Notes receivable**
     Description (include name of obligor)

72.  **Tax refunds and unused net operating losses (NOLs)**
     Description (for example, federal, state, local)

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Debtor    **Christian Healthcare Foundation, NFP**          Case number *(If known)* _____
Name

73.    **Interests in insurance policies or annuities**
       **Caring Communities Shared Services LTD**
       **1850 W. Winchester Road, Ste. 109**
       **Libertyville, IL  60048**

       **Commercial General Liability and Excess Liability**
       **coverage.**                                                             **Unknown**

---

74.    **Causes of action against third parties (whether or not a lawsuit
       has been filed)**

75.    **Other contingent and unliquidated claims or causes of action of
       every nature, including counterclaims of the debtor and rights to
       set off claims**

76.    **Trusts, equitable or future interests in property**

77.    **Other property of any kind not already listed** *Examples:* Season tickets,
       country club membership

78.    **Total of Part 11.**                                                     **$0.00**

       Add lines 71 through 77. Copy the total to line 90.

79.    **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
       ☒ No
       ☐ Yes

Debtor   **Christian Healthcare Foundation, NFP**                                  Case number *(If known)* _____
         Name

| Part 12: | Summary |
|----------|---------|

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|------------------|-----------------------------------|-------------------------------|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $16,569.30 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9*.....................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $16,569.30 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | $16,569.30 |

**Fill in this information to identify the case:**

Debtor name  **Christian Healthcare Foundation, NFP**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS

Case number (if known)  _____

☐ Check if this is an
amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

| Fill in this information to identify the case: |
|---|
| Debtor name **Christian Healthcare Foundation, NFP** |
| United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS |
| Case number (if known) _____ |

☐ Check if this is an
   amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ■ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
   with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|   |   | Total claim | Priority amount |
|---|---|---|---|
| **2.1** | Priority creditor's name and mailing address | **$0.00** | $0.00 |
| | **Department of the Treasury**<br>**Internal Revenue Service**<br>**PO Box 7346**<br>**Philadelphia, PA 19101-7346** | | |

| As of the petition filing date, the claim is: |
|---|
| *Check all that apply.* |
| ☐ Contingent |
| ☐ Unliquidated |
| ☐ Disputed |

| Date or dates debt was incurred | Basis for the claim: |
|---|---|
| **monthly** | **Claim scheduled for notice purposes** |

| Last 4 digits of account number | Is the claim subject to offset? |
|---|---|
| Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | ■ No<br>☐ Yes |

|   |   | Total claim | Priority amount |
|---|---|---|---|
| **2.2** | Priority creditor's name and mailing address | **$0.00** | $0.00 |
| | **Illinois Dept. Employment Security**<br>**Benefit Payment Control Division**<br>**PO Box 4385**<br>**Chicago, IL 60680** | | |

| As of the petition filing date, the claim is: |
|---|
| *Check all that apply.* |
| ☐ Contingent |
| ☐ Unliquidated |
| ☐ Disputed |

| Date or dates debt was incurred | Basis for the claim: |
|---|---|
| **monthly** | **Claim scheduled for notice purposes** |

| Last 4 digits of account number | Is the claim subject to offset? |
|---|---|
| Specify Code subsection of PRIORITY<br>unsecured claim: 11 U.S.C. § 507(a) (8) | ■ No<br>☐ Yes |

Debtor    **Christian Healthcare Foundation, NFP**                                      Case number (if known) _____
          _____
          Name

| 2.3 | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | $0.00 | $0.00 |

**2.3**  Priority creditor's name and mailing address

**Illinois Dept. of Financial**
**and Professional Regulation**
**100 W. Randolph Street, 9th Floor**
**Chicago, IL 60601**

Date or dates debt was incurred

Last 4 digits of account number
Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

As of the petition filing date, the claim is:    $0.00    $0.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
**Claim scheduled for notice purposes**

Is the claim subject to offset?
■ No
☐ Yes

---

**2.4**  Priority creditor's name and mailing address

**Illinois Dept. of Revenue**
**Bankruptcy Unit**
**PO Box 19035**
**Chicago, IL 60680**

Date or dates debt was incurred
**monthly**

Last 4 digits of account number
Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

As of the petition filing date, the claim is:    $0.00    $0.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
**Claim scheduled for notice purposes**

Is the claim subject to offset?
■ No
☐ Yes

---

**2.5**  Priority creditor's name and mailing address

**Illinois Finance Authority**
**Christopher B. Meister, Director**
**160 N. LaSalle Street, Ste. S-1000**
**Chicago, IL 60601**

Date or dates debt was incurred

Last 4 digits of account number
Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

As of the petition filing date, the claim is:    $0.00    $0.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
**Scheduled for Notice Purposes Only**

Is the claim subject to offset?
■ No
☐ Yes

---

**2.6**  Priority creditor's name and mailing address

**Richard L. Nagle, Bankr. Contact**
**US EPA Region 5**
**Mail Code:  C-14-J**
**Chicago, IL 60604**

Date or dates debt was incurred
**monthly**

Last 4 digits of account number
Specify Code subsection of PRIORITY
unsecured claim: 11 U.S.C. § 507(a) (8)

As of the petition filing date, the claim is:    $0.00    $0.00
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:
**Claim scheduled for notice purposes**

Is the claim subject to offset?
■ No
☐ Yes

---

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

   **3.**   List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
         out and attach the Additional Page of Part 2.

                                                                                    **Amount of claim**

| Debtor | Christian Healthcare Foundation, NFP | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | $141,106,642.00 |
|---|---|---|---|

**UMB Bank, N.A.**
**Attn.:  Virginia A. Housum, SVP**
**120 South 6th Street, Ste. 1400**
**Minneapolis, MN 55403**

Date(s) debt was incurred  **April 1, 2016**

Last 4 digits of account number  **n/a**

☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **co-signer of mortgage note**

Is the claim subject to offset? ■ No ☐ Yes

---

## Part 3:    List Others to Be Notified About Unsecured Claims

**4.** List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Bruce P. Weisenthal, Esq.** <br> **Schiff Hardin** <br> **233 S. Wacker Drive, Ste. 7100** <br> **Chicago, IL 60606** | Line **2.5** <br><br> ☐ Not listed. Explain ____ | _ |
| 4.2 | **David H. DeCelles,** <br> **Assistant US Attorney** <br> **219 S. Dearborn St., 5th Floor** <br> **Chicago, IL 60604** | Line **2.1** <br><br> ☐ Not listed. Explain ____ | _ |
| 4.3 | **Hon. John R. Lausch, Jr.** <br> **Asst. United States Attorney, ND IL** <br> **219 S. Dearborn Street, 5th Floor** <br> **Chicago, IL 60604** | Line **2.1** <br><br> ☐ Not listed. Explain ____ | _ |
| 4.4 | **Hon. Kwame Raoul,** <br> **Illinois Attorney General** <br> **100 W. Randolph St.,** <br> **Chicago, IL 60601** | Line **2.4** <br><br> ☐ Not listed. Explain ____ | _ |
| 4.5 | **Hon. William Barr, US Attorney** <br> **United States Dept. of Justice** <br> **950 Pennsylvania Ave, NW** <br> **Washington, DC 20530-0001** | Line **2.1** <br><br> ☐ Not listed. Explain ____ | _ |
| 4.6 | **Illinois Dept. of Revenue** <br> **Bankruptcy Unit** <br> **PO Box 19035** <br> **Chicago, IL 60680** | Line **2.4** <br><br> ☐ Not listed. Explain ____ | _ |
| 4.7 | **Mintz Levin Cohn Ferris Glovsky** <br> **Attn.  Daniel S. Bleck, Esq.** <br> **One Financial Center** <br> **Boston, MA 02111** | Line **3.1** <br><br> ☐ Not listed. Explain ____ | _ |
| 4.8 | **Office of the US Trustee** <br> **Attn:  Adam Brief, Asst. US Trustee** <br> **219 S. Dearborn St., Room 873** <br> **Chicago, IL 60604** | Line **2.1** <br><br> ☐ Not listed. Explain ____ | _ |

---

## Part 4:    Total Amounts of the Priority and Nonpriority Unsecured Claims

**5.** Add the amounts of priority and nonpriority unsecured claims.

| | | | Total of claim amounts |
|---|---|---|---|
| 5a. Total claims from Part 1 | 5a. | $ | 0.00 |
| 5b. Total claims from Part 2 | 5b. + | $ | 141,106,642.00 |

| Debtor | **Christian Healthcare Foundation, NFP** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**5c. Total of Parts 1 and 2**
Lines 5a + 5b = 5c.

5c.    $                                        141,106,642.00

**Fill in this information to identify the case:**

Debtor name    **Christian Healthcare Foundation, NFP**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known) _____

☐ Check if this is an
    amended filing

## Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases    12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the debtor's other schedules. There is nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

| 2. List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|
| **2.1** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.2** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.3** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |
| **2.4** State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

**Fill in this information to identify the case:**

Debtor name    **Christian Healthcare Foundation, NFP**

United States Bankruptcy Court for the:    NORTHERN DISTRICT OF ILLINOIS

Case number (if known)    _____

☐ Check if this is an
    amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                    12/15

Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the
Additional Page to this page.

**1. Do you have any codebtors?**

☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

■ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of
creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule
on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: **Codebtor** | | Column 2: **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing Address** | **Name** | *Check all schedules that apply:* |
| 2.1  **Timothy Place, NF** | **1050 Euclid Avenue Elmhurst, IL 60126 Co-maker of mortgage note to UMB Bank, N.A., trustee** | **UMB Bank, N.A.** | ☐ D  _____ ■ E/F  __3.1__ ☐ G  _____ |

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Christian Healthcare Foundation, NFP** _____   Case No. _____
                                              Debtor(s)              Chapter   **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
    compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
    be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **0.00** |
| Prior to the filing of this statement I have received | $ | **0.00** |
| Balance Due | $ | **0.00** |

2.  $ **1,738.00** of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ☐ Debtor   ■ Other (specify):   **The Debtor's parent corporation (Providence Life Services) has or will pay all
    fees, expenses and costs incurred by counsel prior to the Petition Date.**

4.  The source of compensation to be paid to me is:

    ☐ Debtor   ■ Other (specify):   **The Debtor's parent corporation (Providence Life Services) has agreed to pay
    all fees, expenses and costs incurred by counsel after the Petition Date.**

5.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
    copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  Representation of the debtor in adversary proceedings and other contested bankruptcy matters;
    e.  [Other provisions as needed]
        **Generally, all things needed to assist the Debtor in the successful exit from Chapter 11 through a confirmed plan
        of reorganization, as set forth in greater detail in the Engagement Letter attached hereto as Exhibit B2030 - A.**

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in
this bankruptcy proceeding.

**December 15, 2020**
*Date*

                                    **Bruce C. Dopke 3127052 Member**
                                    *Signature of Attorney*
                                    **Dopkelaw LLC**
                                    **1535 W. Schaumburg Road**
                                    **Suite 204**
                                    **Schaumburg, IL 60194**
                                    **847-524-4811  Fax: 312-641-6959**
                                    **bd@dopkelaw.com**
                                    *Name of law firm*

---

# DOPKELAW LLC
**Attorneys At Law**

Bruce Dopke, Member
bd@dopkelaw.com
Direct: 847-524-4811

September 1, 2020

Mr. Richard C. Schutt
Chief Executive Officer
Providence Life Services
18601 North Creek Drive
Tinley Park, IL 60477

Re:    Engagement – Christian Healthcare Foundation, NFP (the "Foundation")
Chapter 11 Bankruptcy

Dear Mr. Schutt:

We write to you in your dual capacity as the Chief Executive Officer of Rest Haven
Illiana Christian Convalescent Home, d/b/a Providence Life Services ("Providence") and as the
Chief Executive Officer of the Foundation.   We write to confirm the terms of our engagement to
represent the Foundation in connection with the filing and prosecution of a bankruptcy case
under Chapter 11 of the United States Bankruptcy Code (the "Case").   The purpose of the Case
is to restructure the 2016 bond indenture, trust agreements and associated secured debt which
now encumber substantially all of the assets of the Foundation in a manner consistent with the
terms of the "Plan Support Agreement" which was entered into by and between the Foundation,
its affiliate, Timothy Place, NFP d/b/a "Park Place of Elmhurst" ("Park Place"), UMB Bank,
N.A., in its capacity as successor bond trustee under the 2016 bond indenture and as successor
master trustee under the 2016 master trust indenture (the "Bond Trustee") and two holders of
2016 bonds which collectively hold approximately 75% of the outstanding aggregate principal
amount of the 2016 bonds, namely, ████████████████████

I will lead the engagement with assistance as needed from other attorneys who are
employed by our firm.   Currently, our expectation is that I will be handling this engagement
without the involvement of other counsel.   The Foundation will be billed for the legal services
rendered by our firm at our usual hourly billing rate for matters of this kind, which is $400.00 per
hour.   This billing rate will increase by 5% (or $420 per hour) on March 1, 2021.

We will provide you with bi-monthly statements of our services rendered on behalf of the
Foundation which will contain an itemization of our time in increments of tenths of an hour.
These bi-monthly statements will be payable on the first "pay date" for vendors which occurs
after the statement is submitted to the Foundation.   We trust that you understand this is a

## DOPKELAW LLC

necessary step in our practice, which concentrates on assisting people and companies whose financial circumstances are subject to rapid change without notice.

**Advance Payment Evergreen Retainer**

To provide us with assurance of payment for future services, the Foundation has agreed to promptly pay our bills upon the terms outlined above.   In addition, the Foundation has agreed to provide us with an advance payment evergreen retainer (the "Retainer") in the amount of Ten Thousand Dollars ($10,000.00).   The Retainer is an "advance payment" retainer because, as its name implies, the Retainer is an advance payment for the services which we plan to provide to the Foundation.   The Retainer is an "evergreen" retainer because if the Retainer is used to pay for our fees, costs or expenses prior to the conclusion of this engagement, the Foundation agrees to promptly replenish the amount which is used.   Notwithstanding anything to the contrary in this engagement letter, any unused surplus which remains in the Retainer at the conclusion of our engagement will be refunded in full to the Foundation.

By your signature below, you have indicated that the Foundation has agreed to pay us the Retainer.   Illinois law requires us to be very clear on the terms of the Retainer.   When we ask a client for a retainer for a case which involves potential insolvency (in which the client is a potential debtor) we universally ask for an advance payment retainer to cover the services subject to our engagement.   Unlike general retainers and security retainers, the principal amount of an advance payment retainer becomes our property upon receipt.   The funds are placed in our general account, and are not segregated, held in trust or otherwise set aside from other firm monies.   These procedures are required when dealing with clients who may shortly be subject to bankruptcy jurisdiction.   If we did not follow this procedure, then as you may expect, our right to receive payment for our services would become discharged as a result of the filing of the Foundation's Case.

**Payment from Foundation Affiliates**

Our engagement is with the Foundation, and under ordinary circumstances, we would expect that the Foundation will timely pay our statements.   However, given the nature of our engagement, circumstances may arise which may make it difficult or impossible for the Foundation to do this.   Should this occur, we understand that Providence may, at its option, provide us with funding for our services, expenses and costs associated with this engagement. It is not unusual in our practice to receive funding for our services from entities other than our client in bankruptcy.   But, in order to avoid a conflict of interest or the appearance of one,

the following facts must be understood and confirmed by Providence:

1.      Any payments made by Providence to our firm must come from Providence's own funds, rather than from funds which belong to the Foundation;

2

**DOPKELAW LLC**

2.    The fact that Providence has made payments to our firm does not give Providence a right to direct our efforts on the Foundation's behalf; and

3.    The sole right of Providence, with respect to any such payments, is to receive a refund of any amount of such payments which has not been used by our firm in connection with our efforts to represent the Foundation.

We understand that Providence is not required to provide us with funding for our services.   The Foundation and Providence understand that if the Foundation cannot pay for our services, and Providence is also unable or unwilling to provide that funding, then we may withdraw from the engagement without further requirement other than the mailing of notice to the Foundation via its registered agent and the approval of the bankruptcy court for such withdrawal.

Having acknowledged and agreed to the foregoing, the parties further acknowledge and agree that in the months preceding the effectiveness of this engagement letter, and in the months which will follow its implementation, it has been necessary for Providence to pay for all of the legal expenses, costs and Retainer payments which we have incurred on behalf of the Foundation. This has been necessary because under the terms of the 2016 bond indenture, trust agreement and loan agreements, the Foundation has granted liens on all of its assets, including its cash, to the Bond Trustee.   The Bond Trustee has not consented to the use of its cash collateral for the payment of the legal costs incurred by the Foundation in connection with the preparation for the filing of the Case, and is not likely to consent to such payments during the Case.   In addition, the Foundation and its affiliate propose to file a plan of reorganization in the Case which, among other things, will require Providence to provide several million dollars of liquidity support to the Foundation.   This liquidity support is expected to provide funding to the Foundation so that it may pay, *inter alia*, legal fees and expenses which the Foundation will be obliged to pay to its counsel and professionals retained by the Bond Trustee and others.   Thus, at the end of the engagement, Providence will bear the economic burden of satisfying the legal costs and expenses associated with the Case.   Providence and the firm expect that Providence will continue to advance funds to the firm for the benefit of the Foundation and its affiliate, so that the firm will be assured of payment for its work and its expenditures associated with the Case.   This arrangement will be disclosed to the Court and to parties in interest to the Case, including the Bond Trustee who is already aware of it.

**Costs**

We do not charge our clients for overhead and general expenses that some law firms will charge for.   If we incur an actual out of pocket cost on the Foundation's behalf (such as court filing and admission fees, process service fees, transcripts, postage, etc.), we will provide you with a statement of these costs with our monthly billing.    If we need to travel more than 100

3

**DOPKELAW LLC**

miles from downtown Chicago, Illinois we may charge mileage or our actual costs for coach air fare and reasonable lodging.   The likelihood that we would incur travel expenses of any significant amount with respect to this matter seems remote at this time.   If we do incur such expenses, we will also bill our time which is associated with traveling beyond the 100 mile radius noted above at 50% of our usual and customary billing rates.

**General Provisions**

This engagement letter replaces all prior agreements between the parties with respect to the subject matter reflected herein, including your previous engagement with me and my former firm, Stahl Cowen Crowley Addis LLC, which we will jointly take steps to terminate.   We retain our right under Illinois law to withdraw from this matter if the Foundation (or Providence) should withhold payment from us, or cease to cooperate with us in the prosecution of this matter, or for any other reason permitted or required by Illinois law.    This engagement will be governed by Illinois law, and may be enforced in any state or federal court located in Illinois. Time is of the essence.

To indicate that the Foundation and Providence agree with and understand the above terms, kindly sign this letter at the space which appears below, and email us a fully executed copy of this engagement letter at your earliest convenience.   Please call if you have questions about this.

Sincerely,

Bruce Dopke, Member

**AGREED AND CONFIRMED:**

Christian Healthcare Foundation, NFP

By:   _____

Mr. Richard C. Schutt, Chief Executive
Officer of Christian Healthcare Foundation, NFP

(signatures continue on the following page)

4

**DOPKELAW LLC**

      Rest Haven Illiana Christian Convalescent
      Home d/b/a Providence Life Services

By:

      Mr. Richard C. Schutt, Chief Executive Officer
      of Rest Haven Illiana Christian Convalescent
      Home, NFP, d/b/a Providence Life Services

# United States Bankruptcy Court
### Northern District of Illinois

In re    <u>Christian Healthcare Foundation, NFP</u>

Debtor(s)

Case No. _____

Chapter    <u>11</u>

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Rest Haven Illiana Christian Con. H 18601 North Creek Drive Tinley Park, IL 60477 | Sole Member | 1 | Membership |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Chief Financial Officer of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    <u>December 15, 2020</u>        Signature    *Barry VanderGenugten*

Barry VanderGenugten

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

.

Bruce P. Weisenthal, Esq.
Schiff Hardin
233 S. Wacker Drive, Ste. 7100
Chicago, IL 60606


David H. DeCelles,
Assistant US Attorney
219 S. Dearborn St., 5th Floor
Chicago, IL 60604


Department of the Treasury
Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


Hon. John R. Lausch, Jr.
Asst. United States Attorney, ND IL
219 S. Dearborn Street, 5th Floor
Chicago, IL 60604


Hon. Kwame Raoul,
Illinois Attorney General
100 W. Randolph St.,
Chicago, IL 60601


Hon. William Barr, US Attorney
United States Dept. of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530-0001


Illinois Dept. Employment Security
Benefit Payment Control Division
PO Box 4385
Chicago, IL 60680


Illinois Dept. of Financial
  and Professional Regulation
100 W. Randolph Street, 9th Floor
Chicago, IL 60601


Illinois Dept. of Revenue
Bankruptcy Unit
PO Box 19035
Chicago, IL 60680

Illinois Finance Authority
Christopher B. Meister, Director
160 N. LaSalle Street, Ste. S-1000
Chicago, IL 60601


Mintz Levin Cohn Ferris Glovsky
Attn.  Daniel S. Bleck, Esq.
One Financial Center
Boston, MA 02111


Office of the US Trustee
Attn: Adam Brief, Asst. US Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60604


Rest Haven Illiana Christian Con. H
18601 North Creek Drive
Tinley Park, IL 60477


Richard L. Nagle, Bankr. Contact
US EPA Region 5
Mail Code: C-14-J
Chicago, IL 60604


Timothy Place, NF
1050 Euclid Avenue
Elmhurst, IL 60126


UMB Bank, N.A.
Attn.: Virginia A. Housum, SVP
120 South 6th Street, Ste. 1400
Minneapolis, MN 55403

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Christian Healthcare Foundation, NFP** _____

Debtor(s)

Case No. _____

Chapter   **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Christian Healthcare Foundation, NFP**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Rest Haven Illiana Christian Con. H
18601 North Creek Drive
Tinley Park, IL 60477**

☐ None [*Check if applicable*]

**December 15, 2020** _____
Date

Bruce C. Dopke 3127052 Member
Signature of Attorney or Litigant
Counsel for   **Christian Healthcare Foundation, NFP**
**Dopkelaw LLC**
**1535 W. Schaumburg Road
Suite 204
Schaumburg, IL 60194
847-524-4811 Fax:312-641-6959
bd@dopkelaw.com**